# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Hon. Kevin McNulty |
| | Crim. No. 19-cr-120 (KM-MAH) |
| GORDON J. COBURN and STEVEN E. SCHWARTZ | |

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT GORDON J. COBURN'S
# <u>MOTION FOR BILL OF PARTICULARS</u>

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .............................................................................1

LEGAL STANDARD.........................................................................................4

ARGUMENT ....................................................................................................6

I.    Mr. Coburn cannot adequately prepare his defense without notice of
      the identities of the one or more foreign officials who allegedly
      received a bribe and the third-party consultants who allegedly paid
      and facilitated the bribe. .............................................................................6

II.   Mr. Coburn cannot adequately prepare his defense without notice of
      the identities of the unidentified, unindicted co-conspirators and
      "others". .....................................................................................................10

III.  The government should be required to specify whether it is alleging
      Mr. Coburn circumvented or failed to implement internal controls and
      the related underlying factual basis and its theory for how he did so. .........14

IV.   The government should be required to identify the misrepresentations
      and omissions alleged in Counts Six, Eight, Ten, and Eleven. ....................19

V.    The government should be required to identify whether Mr. Coburn is
      charged as an accomplice or as a principal, the identities of any
      alleged principals, and whether references to "Cognizant" denote
      Cognizant Technology Solutions Corporation or its Indian subsidiary. ......20

VI.   Mr. Coburn cannot adequately prepare his defense without notice of
      the particular subsection or subsections of 15 U.S.C. § 78dd-1 the
      government alleges Mr. Coburn violated in Counts Two through Four. ......25

VII.  Mr. Coburn joins in Mr. Schwartz's Motion for Bill of Particulars............26

CONCLUSION ..................................................................................................26

# TABLE OF AUTHORITIES

**Page**

## CASES

*N. Jersey Media Grp. Inc v. United States*,
836 F.3d 421 (3d Cir. 2016) ................................................................4

*SEC v. Patel*,
No. 07-cv-39, 2009 WL 3151143 (D.N.H. 2009) ..............................15

*United States v. Addonizio*,
451 F.2d 49 (3d Cir. 1971) ..........................................................4, 5, 6

*United States v. Ahmad*,
53 F.R.D. 194 (M.D. Pa. 1971) ...................................................12, 14

*United States v. Alsugair*,
256 F. Supp. 2d 306 (D.N.J. 2003)....................................................14

*United States v. Anderson*,
441 F. Supp. 2d 15 (D.D.C. 2006)........................................................5

*United States v. Bin Laden*,
92 F. Supp. 2d 225 (S.D.N.Y. 2000) ...........................................*passim*

*United States v. Bortnovsky*,
820 F.2d 572 (2d. Cir. 1987) ............................................................5, 9

*United States v. Carson*,
No. 8:09-cr-00077 (C.D. Cal. May 18, 2009) .............................*passim*

*United States v. Chen*,
No. 3:05-cr-00375, 2006 WL 3898177 (N.D. Cal. Nov. 9, 2006) ..................5, 9

*United States v. Davidoff*,
845 F.2d 1151 (2d Cir. 1988) .......................................................17, 20

*United States v. Duruisseau*,
No. 12-cr-320, 2015 WL 502235 (W.D. La. Feb. 5, 2015)................................18

*United States v. Eldridge*,
No. 09-cr-329A, 2010 WL 3749060 (W.D.N.Y. Sept. 20, 2010) .....................21

*United States v. Espy*,
989 F. Supp. 17 (D.D.C. 1997).................................................................14, 18

*United States v. Failla*,
No. 93-cr-294, 1993 WL 547419 (E.D.N.Y. Dec. 21, 1993) .......................11, 21

*United States v. Falkowitz*,
214 F. Supp. 2d 365 (S.D.N.Y. 2002) ................................................................12

*United States v. Faulkner*,
53 F.R.D. 299 (E.D. Wis. 1971) .........................................................................26

*United States v. Feldman*,
731 F. Supp. 1189 (S.D.N.Y. 1990) ...................................................................22

*United States v. Feola*,
651 F. Supp. 1068 (S.D.N.Y. 1987) ...................................................................21

*United States v. Freeman*,
619 F.2d 1112 (5th Cir. 1980) ...........................................................................18

*United States v. Gatto*,
746 F. Supp. 432 (D.N.J. 1990)...................................................................11, 14

*United States v. Green*,
No. 92-cr-159, 1993 WL 652793 (W.D.N.Y. Sept. 21, 1993) ..........................21

*United States v. Hoskins*,
902 F.3d 69 (2d Cir. 2018) ..........................................................................23, 24

*United States v. Hubbard*,
474 F. Supp. 64 (D.D.C. 1979)...........................................................................18

*United States v. Isley*,
    1:05-cr-0621, 2007 WL 9672420 (N.D. Ga. May 1, 2007)................................22

*United States v. Leichtfuss*,
    331 F. Supp. 723 (N.D. Ill. 1971)........................................................26

*United States v. Lino*,
    No. 00-cr-632, 2001 WL 8356 (S.D.N.Y. Jan. 2, 2001) ..........................9, 11, 13

*United States v. Manetti*,
    323 F. Supp. 683 (D. Del. 1971)........................................................5, 8

*United States v. Mariani*,
    90 F. Supp. 2d 574 (M.D. Pa. 2000)............................................11, 13

*United States v. McGuinness*,
    764 F. Supp. 888 (S.D.N.Y. 1991) ......................................................9

*United States v. Moyer*,
    674 F.3d 192 (3d Cir. 2012) ................................................................4

*United States v. Nachamie*,
    91 F. Supp. 2d 565 (S.D.N.Y. 2000) ........................................12, 13

*United States v. Nguyen*,
    No. 2:08-cr-00522 (E.D. Pa. 2009).....................................................8

*United States v. Rajaratnam*,
    No. 09-cr-1184, 2010 WL 2788168 (S.D.N.Y. Jul. 13, 2010)....................10, 15

*United States v. Rogers*,
    617 F. Supp. 1024 (D. Colo. 1985)..................................................21

*United States v. Rosa*,
    891 F.2d 1063 (3d Cir. 1989) ............................................................4

*United States v. Ruffin*,
    613 F.2d 408 (2d Cir. 1979) ..............................................................22

*United States v. Siddiqi,*
   No. 06-cr-377, 2007 WL 549420 (S.D.N.Y. Feb. 21, 2007)...........................9

*United States v. Smith,*
   776 F.2d 1104 (3d Cir. 1985) .........................................................................11

*United States v. Strawberry,*
   892 F. Supp. 519 (S.D.N.Y. 1995) .................................................................14

*United States v. Taylor,*
   707 F. Supp. 696 (S.D.N.Y. 1989) .................................................................14

*United States v. Trie,*
   21 F. Supp. 2d 7 (D.D.C. 1998).................................................................*passim*

*United States v. Vastola,*
   670 F. Supp. 1244 (D.N.J. 1987)....................................................................14

*United States v. Wilcox,*
   No. 1:14-cr-15, 2015 WL 439564 (W.D. Pa. Feb. 3, 2015)............................25

*United States v. Wozniak,*
   No. 8:07-cr-297, 2007 WL 2904184 (D. Neb. Oct. 3, 2007) ..........................25

*Yenkichi Ito v. United States,*
   64 F.2d 73 (9th Cir. 1933) ..............................................................................22

**STATUTES**

15 U.S.C. § 78dd-1...............................................................................................3, 7, 23

15 U.S.C. § 78dd-2....................................................................................................23

15 U.S.C. § 78dd-3....................................................................................................23

**OTHER AUTHORITIES**

Fed. R. Crim. P. 7......................................................................................................4

## PRELIMINARY STATEMENT

On February 14, 2019, a grand jury returned the Indictment charging defendant Gordon Coburn with violations of the Foreign Corrupt Practices Act ("FCPA"). All ten counts charged against Mr. Coburn are premised on a single alleged "scheme to bribe one or more government officials in India." Indictment Count 1 ¶¶ 3, 12, ECF No. 1 ("Indict."). Yet nowhere in the 24-page indictment does the government identify the recipient of the alleged bribe, the payer of the alleged bribe, the intermediaries involved in paying the alleged bribe, or certain co-conspirators involved in the alleged bribe. According to the Indictment, this scheme was allegedly carried out over the course of two years, together with certain "other" co-conspirators, through an unidentified "special third-party consultant to make the bribe payment" and an unidentified "liaison consultant to process the approval." *Id.* at ¶¶ 15-16. The scheme allegedly culminated with a payment to "one or more" government officials.

The Indictment does not describe or further identify, in any way, the "one or more" government officials, the "special third-party consultant" or the "liaison consultant" at the center of this case. The government has not provided notice of the titles or even the departments or agencies where the "one or more government officials" worked. The number and identities of the coconspirators who allegedly

1

participated in this scheme are similarly not provided. Due process, fundamental fairness, and the case law require more from the government.

Additionally, the government charges Mr. Coburn in a single count with both (a) failing to implement a system of internal accounting controls, and (b) circumventing the same system of internal accounting controls that he is accused of failing to implement. *See id.* at Count 12. These two theories of prosecution are inconsistent and repugnant under the law. *See* Def. Coburn's Mem. Supp. Mot. to Dismiss, Section II ("MTD"). At a minimum, the government should be required to choose between these two inconsistent theories and provide Mr. Coburn with notice of the system of controls the government maintains Mr. Coburn either circumvented or failed to implement. The government should also be required to provide the most basic information about how Mr. Coburn allegedly either circumvented or failed to implement the internal accounting controls.

The Indictment also charges Mr. Coburn with making false, fraudulent, and misleading misrepresentations and omissions in Cognizant's books and records. *See* Indict. Counts 6, 8, 10, 11. Here, the government makes the generalized allegation that the relevant misrepresentations and omissions can be found in two Sarbanes-Oxley Quarterly Global 302 Certifications and two Annual Report on Form 10-K and Proxy Statement Disclosure Questionnaires. But it fails to allege what misrepresentations or omissions were made in those documents. The

government should be required to specify the alleged misrepresentations and omissions that form the basis for the charges.

In addition, consistent with the government's general charging practice, the substantive counts charge Mr. Coburn as both a primary violator of the statute and an aider and abettor simply by citing 18 U.S.C. § 2. *See id.* at parentheticals following each substantive Count. In this case, the government's general charging practices are insufficient. The FCPA applies only to narrow categories of persons specified by the statute. To prepare his defense, Mr. Coburn is entitled to notice of the identities of the alleged primary violators and the government's statutory basis for such allegations, so he can determine whether the primary violators meet the unique statutory requirements of the FCPA. Similarly, because the FCPA covers U.S. issuers but not their foreign subsidiaries as such, the government should be required to specify whether references in the Indictment to "Cognizant" denote Cognizant Technology Solutions Corporation (the U.S. issuer) or Cognizant Technology Solutions India Private Limited (the Indian subsidiary).

Finally, the government should also be required to identify the particular subsection or subsections of 15 U.S.C. § 78dd-1 of the FCPA it alleges Mr. Coburn violated. *See* Indict. Counts 2-4. Section 78dd-1 provides for a wide range of punishable unlawful activity. Mr. Coburn should be provided this essential information about the government's charges to prepare his defense.

3

Accordingly, the Court should order the government to file a bill of particulars pursuant to Fed. R. Crim. P. 7(f) on these discrete issues to apprise Mr. Coburn of the matters he must be prepared to defend at trial.

## LEGAL STANDARD

An indictment must "adequately apprise the defendant of what he must be prepared to meet." *United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012). The indictment cannot serve this function unless it contains enough "factual or legal information" to permit the defendant "to prepare his defense," *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989), including through "a reasonably focused investigation" of the charges, *United States v. Bin Laden*, 92 F. Supp. 2d 225, 239 (S.D.N.Y. 2000), *aff'd sub nom. In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93 (2d Cir. 2008). When an indictment is "too vague and indefinite" to achieve this end, "a bill of particulars is warranted." *Moyer*, 674 F.3d at 203 (quoting *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971)); *see N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 429–30 (3d Cir. 2016) ("In many instances, a bill of particulars provides information that ought to have been in the indictment in the first place . . . .").

Rule 7 permits a district court to order a bill of particulars in its discretion. *See* Fed. R. Crim. P. 7(f). The Rule is deliberately cast to encourage "a more liberal attitude by the courts toward bills of particulars." *Rosa*, 891 F.2d at 1066

4

(quoting Fed. R. Crim. P. 7(f) advisory committee's note to 1966 amendment, and contrasting the current Rule with a previous iteration requiring the defendant to show cause); *Addonizio*, 451 F.2d at 64 (same). Accordingly, in "grey areas," "doubt must be resolved in favor of disclosure" and the "interest in affording the accused a reasonable foundation for mounting a defense." *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971).

Wide-ranging discovery is no substitute for a bill of particulars. To the contrary—"sometimes, the large volume of material disclosed is precisely what *necessitates* a bill of particulars." *Bin Laden*, 92 F. Supp. 2d at 234 (emphasis added). The government is required to state its allegations with precision, not simply bury defense counsel under "mountains of documents." *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d. Cir. 1987); *see United States v. Anderson*, 441 F. Supp. 2d 15, 19 (D.D.C. 2006) ("[I]t is not a sufficient response to a motion for a bill of particulars to point to the voluminous discovery already provided or to a governmental open file policy."); *United States v. Chen*, No. 3:05-cr-00375, 2006 WL 3898177, at *3 (N.D. Cal. Nov. 9, 2006) ("[R]equiring defendant to search through a mountain of discovery does not satisfy the [government's] obligation to adequately advise defendant of the charges against him."); *United States v. Trie*, 21 F. Supp. 2d 7, 21 n.12 (D.D.C. 1998) (open file discovery is no substitute for specification of the allegations in the indictment).

# ARGUMENT

**I.    Mr. Coburn cannot adequately prepare his defense without notice of the identities of the one or more foreign officials who allegedly received a bribe and the third-party consultants who allegedly paid and facilitated the bribe.**

In an FCPA prosecution, "the bribes are at the heart of th[e] case." *See* Minutes of Motion Hearing at 3, *United States v. Carson*, No. 8:09-cr-00077 (C.D. Cal. May 18, 2009), ECF 75 ("*Carson* Order"). The gravamen of the Indictment here is a single alleged bribe paid to one or more government officials in India. Yet the Indictment does not identify or describe the official (or officials) who received the alleged bribe, the person (or persons) who paid the bribe, or the person (or persons) who facilitated the bribe. Mr. Coburn requires this information to "adequately prepare his defense," and disclosing it will impose no burden on the government, which presumably knows these core actors in the alleged bribery scheme it investigated for years before charging. *Addonizio*, 451 F.2d at 63–64; *see Carson* Order at 4 (requiring identification of alleged bribe recipients and reasoning that "the burden on the Government is minimal since it presumably already knows the particulars" concerning the bribes).

The Indictment refers to "one or more" individuals in India as the intended bribe recipients. *See* Indict. Count 1 ¶¶ 2, 3, 12, 28, 29(a), 30(a), 30(b). It adds, in conclusory fashion, that those individuals are "foreign officials" under the FCPA. *See id.* at ¶ 2. Unless supplemented by the identities of the alleged bribe recipients,

6

this information does not permit Mr. Coburn to develop basic elements of his defense or even determine whether the government has met the statutory burdens imposed by the FCPA. Most obviously, the FCPA (as relevant here) applies only to payments intended for "foreign officials," as defined under the statute. 15 U.S.C. § 78dd-1(a)(1), (f)(1)(A). Without a payment (or offer or authorization of a payment) meant for a foreign official, there is no FCPA violation. If the government does not identify the purported recipient or intended recipient of the bribe, Mr. Coburn will not be able to investigate (a) their status *vis-a-vis* the Indian government to determine whether the individual(s) qualify as "foreign officials" under the statutory definition, or (b) the scope of the authority of the individual(s) to determine their "official capacity" under the statute. Such investigation would require the opinion of an expert in India's government and bureaucracy, which could not be obtained in a timely manner if the identities of the one or more officials is kept secret by the government until trial or shortly before trial.

The Indictment is equally silent on the identities of the intermediaries that paid and facilitated the alleged bribe. It simply states that the "Construction Company" hired a "special third-party consultant to make the bribe payment" and also had a "liaison consultant to process the approval." Indict. Count 1 ¶¶ 15, 16. Here, again, Mr. Coburn cannot conduct a "reasonably focused investigation" in defense of the charges unless these individuals are identified. *Bin Laden*, 92 F.

7

Supp. 2d at 239.  The purported bribe is "at the heart of this case."  *Carson* Order

at 3.  Without knowing who allegedly paid it, Mr. Coburn cannot adequately

investigate a number of fundamental questions, including whether the payment was

actually made, who instructed the intermediary (or intermediaries) to act, and the

content of the instructions.  *See Manetti*, 323 F. Supp. at 696 ("[A] defendant is

ordinarily entitled to the name of the participants in a . . . transaction central to the

charge.").

      Given the centrality of the alleged bribe in any bribery prosecution, courts in

both FCPA and domestic bribery cases have routinely required the government to

identify the parties to the alleged unlawful transaction.  For example, in *United*

*States v. Nguyen*, an FCPA case, the defendant sought the identities of all alleged

intermediaries and bribe recipients, explaining that the information was necessary

"to determine whether the payments . . . were actually made as well as to

determine whether these individuals satisfy the definition of 'foreign official.'"

Mot. for Bill of Particulars at 1, *United States v. Nguyen*, No. 2:08-cr-00522 (E.D.

Pa. Oct. 16, 2009), ECF No. 95.  The government promptly identified the

intermediaries by letter, and the court nevertheless ordered a bill of particulars

"disclos[ing] the name, job title and employer of each" alleged bribe recipient.

Order, *United States v. Nguyen*, No. 2:08-cr-00522 (E.D. Pa. Dec. 3, 2009), ECF

No. 130; *see* Def. Reply Mem. at 1, *United States v. Nguyen*, No. 2:08-cr-00522

(E.D. Pa. Nov. 9, 2009), ECF No. 111.  Similarly, in *United States v. Carson* (another FCPA prosecution), the government was ordered to disclose "the name of the recipient [of the alleged bribe] and business affiliation of the recipient, or if the recipient is an intermediary, the business affiliation of the individual who was intended to benefit from the payment" for 236 alleged bribes.  *Carson* Order at 4. Courts have followed suit in domestic bribery prosecutions.  *See, e.g.*, *United States v. Siddiqi*, No. 06-cr-377, 2007 WL 549420, at *2 (S.D.N.Y. Feb. 21, 2007) (directing the government to file a bill of particulars to identify the individual that allegedly paid the bribe to defendant); *United States v. Lino*, No. 00-cr-632, 2001 WL 8356, at *4 (S.D.N.Y. Jan. 2, 2001) (requiring the government to provide a bill of particulars specifying who was allegedly bribed and the pension fund with which the bribe recipient was affiliated); *United States v. McGuinness*, 764 F. Supp. 888, 892-93, 894 (S.D.N.Y. 1991) (requiring the government to provide a bill of particulars listing the payor and the approximate date and amount of payments allegedly made in violation of the Taft-Hartley Act).  This case should be no different.

Nor does the government's document production remedy the absence of adequate notice.  Quite the reverse.  The larger the "mountain[ ] of documents" in which relevant facts are buried, the more important a bill of particulars.  *Bin Laden*, 92 F. Supp. 2d at 234 (quoting *Bortnovsky*, 820 F.2d at 575); *Chen*, 2006

WL 3898177, at *3.  In *Carson*, a case where discovery was "modest" at only 33,000 pages, the court still ordered the government to provide the identity of the foreign officials or recipients.  *Carson* Order at 3 n.2.  As the court noted, "[i]t is not a question of requiring the defendants to review the documents, a clearly manageable task, but whether the review will inform the defendants of the basics of the Government's case."  *Id*.  Mr. Coburn faces a similar challenge but in the face of substantially more documents.  To date, the government has produced over 800,000 pages of discovery.  This discovery spans years and includes documents concerning the permitting process for many Cognizant facilities aside from KITS.  *See United States v. Rajaratnam*, No. 09-cr-1184, 2010 WL 2788168, at *2 (S.D.N.Y. Jul. 13, 2010) (noting that a factor that favors granting a bill of particular occurs "in complex conspiracy cases . . . [as] the potential for unfair surprise and the difficulty of preparing a defense are amplified").  Because Mr. Coburn cannot adequately prepare his defense without this information, the government should be ordered to identify the official or officials that were the intended recipients of the bribe as well as the intermediary who is alleged to have facilitated the alleged bribery payments.

**II.    Mr. Coburn cannot adequately prepare his defense without notice of the identities of the unidentified, unindicted co-conspirators and "others".**

The government should be required to provide Mr. Coburn the names of the unidentified and unindicted co-conspirators and the "others" referenced throughout

the Indictment so he can adequately prepare his defense and avoid unfair surprise

at trial.  "The request for the names of unindicted co-conspirators is a fairly

common request and one that is generally granted by the district courts." *United*

*States v. Failla*, No. 93-cr-294, 1993 WL 547419, at *7 (E.D.N.Y. Dec. 21, 1993);

*see United States v. Smith*, 776 F.2d 1104, 1106 (3d Cir. 1985) (referring to district

court ordering the government to provide the names of unindicted co-conspirators);

*Lino*, 2001 WL 8356 at *12 ("Requests for names of unindicted co-conspirators are

fairly common and often are granted by district courts.").

The government uses "others" at times in the Indictment synonymously with

"co-conspirators" such that the government must also identify the names of these

"others."  *See, e.g.*, Indict. Count 1 ¶ 29(a) ("It was *part of the conspiracy* that

COBURN, SCHWARTZ, CC#l, CC#2, and *others* agreed . . . .") (emphasis

added).  But it is unclear that all references in the Indictment to "others" are

references to co-conspirators.  *See, e.g.*, *id.* at Count 1 ¶¶ 2, 3, 4; Counts 3-4.

Nevertheless, the identities of these "others" should also be disclosed.  *See, e.g.*,

*United States v. Gatto*, 746 F. Supp. 432, 477 (D.N.J. 1990), *rev'd on other*

*grounds*, 924 F.2d 491 (3d Cir. 1991) (holding that "[t]o the extent the indictment

alleges that 'others' were involved, the government must specify who the 'others'

are" absent the government demonstrating disclosure may endanger witnesses);

*United States v. Mariani*, 90 F. Supp. 2d 574, 592 (M.D. Pa. 2000) (requiring bill

11

of particulars to identify co-conspirators and other participants in the alleged scheme); *United States v. Ahmad*, 53 F.R.D. 194, 199 (M.D. Pa. 1971) (ordering the government to "furnish the defendants with the names and addresses of all co-conspirators who have come to the knowledge of the government" and specify who the "others" were in several paragraphs of the indictment).

Without this information, Mr. Coburn cannot adequately prepare his defense and risks unfair surprise at trial. This lack of notice is exacerbated by the unspecified number of co-conspirators, the length of the alleged conspiracy (two years), and the scope of the alleged conspiracy (at minimum two continents). *See United States v. Nachamie*, 91 F. Supp. 2d 565, 573 (S.D.N.Y. 2000) (ordering bill of particulars in part because there was an unspecified number of unindicted coconspirators alluded to in the indictment and the alleged conspiracy operated for a significant period of time); *United States v. Falkowitz*, 214 F. Supp. 2d 365, 391–92 (S.D.N.Y. 2002) (same).

While the Indictment provides some description for CC#1, CC#2, and CC#3, Indict. Count 1 ¶¶ 1(f), (g), (h), the Indictment's general references to "co-conspirators" and "others" do not permit a reasonably-focused investigation. And, since there are an unspecified number of "co-conspirators" and "others" referenced in the Indictment, any attempt to investigate by Mr. Coburn would likely still result in his surprise at trial. Because Mr. Coburn "cannot know with certainty whom the

government contends were involved in the fraudulent scheme," disclosure is required. *Mariani*, 90 F. Supp. 2d at 592 (requiring bill of particulars to identify co-conspirators and other participants in the alleged scheme). The risk of unfair surprise to Mr. Coburn is further heightened where, as here, Mr. Coburn may have likely never met the unidentified co-conspirators and "others," especially given the likelihood that they are based in India. *See Lino*, 2001 WL 8356, at *13 ("[A] defendant is more likely to be surprised by the identity of other co-conspirators, whom he may never have met." (quoting *Nachamie*, 91 F. Supp. 2d at 572–73)). The disclosure of the names of co-conspirators and "others" "will facilitate [Mr. Coburn's] trial preparation and allow [him] to narrow, or at least to prioritize, [his] review of the [discovery] and to avoid surprise at trial." *Id*. at *13. Moreover, the government has no countervailing interest that outweighs the risk of unfair surprise to Mr. Coburn. In this case, the government does not have any "legitimate concern that disclosing the names of unindicted co-conspirators will endanger those individuals or compromise the Government's investigation." *Nachamie*, 91 F. Supp. 2d at 573.

Finally, to the extent that the Court requires the government to provide a bill of particulars disclosing the identities of the co-conspirators, the Court should require that "if the government shall acquire knowledge of any additional co-conspirators before trial the names . . . of such co-conspirators [should] also be

promptly furnished to the defendants." *Ahmad*, 53 F.R.D. at 199; *see United States v. Taylor*, 707 F. Supp. 696, 700 (S.D.N.Y. 1989) (providing that the government was under a continuing obligation to update the persons whom the government will claim at trial were co-conspirators); *United States v. Strawberry*, 892 F. Supp. 519, 527 (S.D.N.Y. 1995) (same); *Bin Laden*, 92 F. Supp. 2d at 241 (same).[1]

**III.    The government should be required to specify whether it is alleging Mr. Coburn circumvented or failed to implement internal controls and the related underlying factual basis and its theory for how he did so**.

Count Twelve of the Indictment alleges that Mr. Coburn

> ***circumvented and caused others to circumvent, and failed to implement*** Cognizant's system of internal accounting controls including but not limited to, controls relating to payments and approvals for accounts payable, and controls relating to Cognizant's SEC filings, such as Sarbanes-Oxley Quarterly Global 302 Certifications and Annual Report of Form 10-K and Proxy Statement Disclosure Questionnaires.

---

[1] To the extent the Court does not order the government to provide a bill of particulars identifying the unidentified, unindicted co-conspirators and "others," the use of "others" should be struck from the indictment as surplusage. *See United States v. Alsugair*, 256 F. Supp. 2d 306, 317 (D.N.J. 2003) (striking "and others," which could "prejudice the defendant by leading the jury to believe that there exists a broader scope of illegal activity than is actually charged in the indictment"); *Gatto*, 746 F. Supp. at 458 (striking "others" because "the terms suggest a broader participation in illegal conduct"); *United States v. Vastola*, 670 F. Supp. 1244, 1256–57 (D.N.J. 1987) (striking "and with others" and "and others"); *United States v. Espy*, 989 F. Supp. 17, 35 (D.D.C. 1997), *rev'd in part on other grounds*, 145 F.3d 1369 (D.C. Cir. 1998) (granting a motion to strike "and others").

Indict. Count 1 ¶ 29(h) (emphasis added).  This allegation simply parrots the relevant statutory language (ornamented by a non-exhaustive list of examples), failing to adequately inform Mr. Coburn of the charge against him and contradicting itself by asserting that he both failed to implement a system of controls and circumvented that non-existent system.  The government should be required to (1) state whether Mr. Coburn is alleged to have failed to implement, or to have circumvented, Cognizant's system of controls; (2) identify the specific controls at issue, if any; and (3) describe its theory for how Mr. Coburn either failed to implement or circumvented the controls.

As explained in Mr. Coburn's Motion to Dismiss, Count Twelve is internally inconsistent, or "repugnant."  *See* MTD, Section II.  If a defendant fails to implement a system of controls, there is no system to circumvent—a set of facts may support *either* a failure-to-implement theory *or* a circumvention theory, but "it cannot be both."  *SEC v. Patel*, No. 07-cv-39, 2009 WL 3151143, at *27 (D.N.H. 2009).  Count Twelve should be dismissed for that reason.  But if the Court declines to dismiss, it should, at a minimum, require the government to cure the repugnancy through a bill of particulars stating which of these mutually exclusive theories it intends to pursue.  *Cf. Rajaratnam*, 2014 WL 1554078, at *7 (permitting the government to "offer a coherent, logical theory" resolving the inconsistency as an alternative to dismissal).

15

In addition, the Government should be required to specify *which* controls
Mr. Coburn is alleged to have circumvented or failed to implement.  As drafted,
the circumvention charge contemplates that Mr. Coburn may be convicted for
having failed to observe any one of the various internal accounting controls in
place at Cognizant.  Worse, the failure to implement charge contemplates that Mr.
Coburn may be convicted for having failed to implement controls that (by
definition) were not in place, but that the Government believes should have
been.  Given the effectively limitless universe of factual theories embraced within
Count Twelve, the count is too generalized to permit Mr. Coburn "to conduct a
meaningfully directed investigation of the relevant facts and circumstances and be
prepared to respond to the charge[]."  *Bin Laden*, 92 F. Supp. 2d at 235.

Courts recognize that a bill of particulars is warranted where, as here, the
Indictment is drawn so broadly as to require a defendant to guess at which conduct
the government will ultimately seek to prove at trial.  In *United States v. Trie*, 21 F.
Supp. 2d 7 (D.D.C. 1998), the defendant was charged with aiding and abetting the
making of false statements to a government agency.  Although the government
provided the defendant with open-file discovery, as well as pages of excerpts
containing all of the false statements, the court required the government to identify
the particular false statements and explain why they were claimed to be false.  *Id.*
at 21–22.  The court reasoned that the defendant "should not have to waste

16

precious pre-trial preparation time guessing which statements he has to defend against . . . when the government knows precisely the statements on which it intends to rely and can easily provide the information." *Id.* at 21; *Carson* Order at 3 (requiring the government to identify specific payments alleged to have been unlawful bribes, where "the discovery produced to date le[ft] [defendants] to guess which transactions and events w[ould] form the Government's bribery case"). The same logic applies here.

Count Twelve is not saved by its non-exhaustive recitation of specific controls: The government's "including but not limited to" proviso permits it to tack on an unlimited number of additional controls beyond those specified. Indict. Count 1 ¶ 29(h) (alleging that "[t]o conceal Cognizant's reimbursement for the bribe payment, Coburn, Schwartz, and others, circumvented and caused others to circumvent, and failed to implement Cognizant's system of internal accounting controls, *including*, *but not limited to*, controls relating to payments and approvals for accounts payable, and controls relating to Cognizant's SEC filings, such as Sarbanes-Oxley Quarterly Global 302 Certifications and Annual Report of Form 10-K and Proxy Statement Disclosure Questionnaires") (emphasis added). In similar circumstances, the Second Circuit ruled that the district court had abused its discretion by failing to require the government to provide particulars regarding the phrase "but were not limited to." *United States v. Davidoff*, 845 F.2d 1151, 1154

17

(2d Cir. 1988); *see United States v. Duruisseau*, No. 12-cr-320, 2015 WL 502235, at *3 (W.D. La. Feb. 5, 2015) (where the indictment was vague as to the transactions involving defendant and used language such as "including but not limited to," the government needed to provide particulars or the court would treat "including but not limited to" language as surplusage); *Trie*, 21 F. Supp. 2d at 22 (government ordered to provide particulars specifying the property allegedly obtained by the defendant within the phrase "including, but not limited to" in the indictment).[2]

The government presumably knows which theory of liability it is pursuing, which specific internal controls are at issue, and the underlying facts.  It should provide this information to Mr. Coburn so that he can adequately prepare his defense.

---

[2] To the extent the Court does not order the government to provide a bill of particulars regarding Count Twelve, the "including, but not limited to" language should be struck as surplusage.  *See United States v. Freeman*, 619 F.2d 1112, 1118 (5th Cir. 1980) (reference in indictment to "particular events that 'included, but were not limited to, the following'" should have been treated as surplusage); *Espy,* 23 F. Supp. 2d at 35 (granting a motion to strike the terms "included, but were not limited to," and "including, but not limited to," as suggesting uncharged misconduct); *United States v. Hubbard,* 474 F. Supp. 64, 82 (D.D.C. 1979) (striking "including but not limited to the following," because such language "may encourage the jury to draw inferences that the defendants are believed to be involved in activities not charged in the indictment").

**IV.    The government should be required to identify the misrepresentations and omissions alleged in Counts Six, Eight, Ten, and Eleven**.

Counts Six, Eight, Ten, and Eleven allege that Mr. Coburn "made false, fraudulent, and misleading misrepresentations and omissions" in Cognizant's books and records—namely, two Sarbanes-Oxley Quarterly Global 302 Certifications and two Annual Report on Form 10-K and Proxy Statement Disclosure Questionnaires. *See* Indict. Counts 1 ¶ 29(g)(ii–iii), 6, 8, 10, 11. Just as the government should be required to specify which controls Mr. Coburn is alleged to have failed to implement or circumvented, *see supra* Section III, it should be required to specify which alleged misrepresentations or omissions are at issue.

As explained above, a "defendant faced with false statements charges should not have to waste precious pre-trial preparation time guessing which statements" are at issue when "the government knows precisely the statements on which it intends to rely." *Trie*, 21 F. Supp. 2d at 21. Thus, the *Trie* court required specification of alleged falsities even though the government had produced 45 pages of excerpts containing all relevant statements. *Id.* The government's attempt to force the defendant to comb these materials for the pertinent misrepresentations "smack[ed] of gamesmanship." *Id.*

This case is no different. As in *Trie*, the government's identification of documents in which the alleged falsities are *contained* is not a substitute for identification of the falsities *themselves*. Indeed, here—unlike in *Trie*—the

19

government alleges not just misrepresentations, but omissions, increasing Mr.

Coburn's burden by requiring him to guess at which statements the government

believes should have been (but were not) included in the documents.  Mr. Coburn

should not be required to guess when the government "can easily provide the

information."[3]  *Id.*

## V.    The government should be required to identify whether Mr. Coburn is charged as an accomplice or as a principal, the identities of any alleged principals, and whether references to "Cognizant" denote Cognizant Technology Solutions Corporation or its Indian subsidiary.

Each of the substantive offenses alleged against Mr. Coburn include

accomplice liability by citing 18 U.S.C. § 2.[4]  The Court should require the

government to specify (1) whether Mr. Coburn is being charged as a principal,

accomplice, or both for each of these offenses; (2) if Mr. Coburn is being charged

as an accomplice, the identities of any alleged principals; and (3) whether

---

[3] As is true of Count Twelve, *see supra* Section III at pp. 17–18, Counts Six, Eight, Ten, and Eleven are not saved simply because they allege specific falsities in a non-exhaustive list.  Here, again, the government's "including but not limited to" language preserves its ability to invoke an unlimited number of unmentioned misrepresentations or omissions.  *See* Indict. Count 1 ¶ 29(g)(ii)–(iii).  A bill of particulars is required to narrow the limitless universe of possibilities reflected in these Counts.  *See supra* Section III at pp. 17-18; *Davidoff*, 845 F.2d at 1154; *Trie*, 21 F. Supp. 2d at 22.  As with Count Twelve, the "including but not limited to" language should be struck as surplusage to the extent a bill of a particulars is not required of the government.  *See supra* Section III at p. 18 n.2.

[4] FCPA anti-bribery provisions (Counts Two through Four), falsifying books and records (Counts Five, Six, Eight, Ten, and Eleven), and circumventing and failing to implement internal controls (Count Twelve).

references to "Cognizant" denote Cognizant Technology Solutions Corporation

("Cognizant") or Cognizant Technology Solutions India Private Limited

("Cognizant India"), its Indian subsidiary.

As one court explained the principle, although "the law treats an aider and

abettor to a criminal act as a principal for purposes of criminal liability," this

equivalence "does not assist" a defendant "in preparing for trial" when the two

theories of liability are not disaggregated in the indictment. *United States v.*

*Green*, No. 92-cr-159, 1993 WL 652793, at *8 (W.D.N.Y. Sept. 21, 1993) (citing

*United States v. Feola*, 651 F. Supp. 1068, 1134 (S.D.N.Y. 1987) (requiring the

government to "state whether it will be claimed that the Defendant [ ] [is] an aider

or abettor or was a principal"), *aff'd*, 875 F.2d 857 (2d Cir. 1989)); *see United*

*States v. Eldridge*, No. 09-cr-329A, 2010 WL 3749060, at *8 (W.D.N.Y. Sept. 20,

2010) (same); *Failla*, 1993 WL 547419, at *7 (same).

It is insufficient for the government merely to specify its theory of liability.

It is "well-settled" that, to the extent the government alleges accomplice liability, it

must identify the alleged principal or principals as to each count. *United States v.*

*Rogers*, 617 F. Supp. 1024, 1028 (D. Colo. 1985) (requiring the government to

identify undisclosed accomplices in a bill of particulars, and noting that "[i]t is

well-settled that the government must identify undisclosed and unidentified co-

conspirators, aiders and abettors, and other individuals involved in the criminal

21

acts charged"); *see, e.g.*, *United States v. Isley*, 1:05-cr-0621, 2007 WL 9672420, at *13 (N.D. Ga. May 1, 2007) (requiring the government to identify individuals who could have been indicted as principals for "[e]ach count of the Indictment [that] includes a citation to 18 U.S.C. § 2," because "[w]hether Defendant acted alone or in conjunction with unnamed third persons is information necessary for preparing a defense"); *United States v. Feldman*, 731 F. Supp. 1189, 1200 (S.D.N.Y. 1990) (holding that the government must specify the "names of those persons whom the defendants are alleged to have aided and abetted").

The requirement to identify whether a defendant is acting as a principal or accomplice is particularly essential for the substantive anti-bribery counts (Counts Two through Four). A defendant cannot be held liable for aiding or abetting an offense unless the principal had legal capacity to commit the substantive crime. *United States v. Ruffin*, 613 F.2d 408, 412 (2d Cir. 1979) ("It is hornbook law that a defendant charged with aiding and abetting the commission of a crime by another cannot be convicted in the absence of proof that the crime was actually committed."); *Yenkichi Ito v. United States*, 64 F.2d 73, 75–76 (9th Cir. 1933) (principals could not be convicted of violating the immigration laws because their conduct was extraterritorial, so alleged accomplices could not be convicted either). The FCPA's anti-bribery provisions were crafted "with surgical precision" to limit the statute's territorial reach and cover only narrow, enumerated classes of

offenders. *United States v. Hoskins*, 902 F.3d 69, 84 (2d Cir. 2018); *see* 15 U.S.C. §§ 78dd-1(a), 78dd-2(a), 78dd-3(a). Only the following individuals and entities are capable of violating the FCPA as principals:

(1)    American citizens, nationals, and residents, regardless of whether they violate the FCPA domestically or abroad;

(2)    American companies, regardless of whether they violate the FCPA domestically or abroad;

(3)    agents, employees, officers, directors, and shareholders of American companies, when they act on the company's behalf, regardless of whether they violate the FCPA domestically or abroad;

(4)    foreign persons (including foreign nationals and foreign companies) not within any of the aforementioned categories who violate the FCPA while present in the United States.

*See* 15 U.S.C. §§ 78dd-1(a), 78dd-2(a), 78dd-3(a); *Hoskins*, 902 F.3d at 85.

Because Mr. Coburn cannot be convicted as an aider or abettor unless a principal offender falls within one of these narrow categories, preparing his defense requires the government to identify all alleged principals. Obviously, Mr. Coburn cannot assess whether a given principal is the kind of individual or entity covered by the FCPA unless he knows who the principal *is*. The government's discovery produced to date shows that many individuals and entities worked on the KITS projects in various roles and that many of these central players (and potential principals) are foreign persons or entities who acted in India, without ties to a U.S. company, and would not be subject to FCPA liability. Without knowing the alleged principals' identities, Mr. Coburn cannot determine whether the FCPA

23

extends to the principal offender, whether the principal offender actually committed the FCPA violation at issue, and whether Mr. Coburn can be held criminally liable as an accomplice as a matter of law.

These same considerations require the government to specify whether references to "Cognizant" in the Indictment denote Cognizant or its Indian subsidiary. The FCPA does not reach foreign subsidiaries of issuers as such. *See Hoskins*, 902 F.3d at 89. The status of various entities and individuals under the FCPA may turn on the difference between Cognizant and Cognizant India—and not the companies alone, but individuals who may have acted as agents of one or the other. For example, a foreign national acting abroad as Cognizant's agent could violate the FCPA, but that would not necessarily be true if the same person were acting as an agent of Cognizant India.

It is therefore critical that the Indictment distinguish between Cognizant and Cognizant India. Yet the Indictment instead treats them as one entity, referring to both as "Cognizant" and providing no basis to discern which references denote Cognizant and which denote its subsidiary. *See* Indict. Count 1 ¶ 1(b). Combining the discrete entities in this manner blurs the legal difference between issuers and foreign subsidiaries, rendering it impossible for Mr. Coburn to assess whether and how the FCPA applies to much of the conduct alleged in the Indictment. The

24

government accordingly should be required to disaggregate its references to Cognizant and Cognizant India.

**VI.    Mr. Coburn cannot adequately prepare his defense without notice of the particular subsection or subsections of 15 U.S.C. § 78dd-1 the government alleges Mr. Coburn violated in Counts Two through Four.**

The Indictment charges Mr. Coburn with violating 15 U.S.C. § 78dd-1 of the FCPA but does not specify the subsection or subsections of Section 78dd-1 that apply to Mr. Coburn's alleged conduct. *See* Indict. Counts 2–4. Section 78dd-1 provides "a wide range of unlawful activity that is punishable" and Mr. Coburn "should not have to guess what unlawful activity the government has in mind to prove at trial and to be able to protect himself from former jeopardy." *United States v. Wozniak*, No. 8:07-cr-297, 2007 WL 2904184, at *2 (D. Neb. Oct. 3, 2007) (ordering the government to provide a bill of particulars specifying the particular subsections of the criminal statutes at issue). A bill of particulars identifying the relevant subsection or subsections of Section 78dd-1 will enable Mr. Coburn to focus his defense "and forego mounting a blanket challenge" to each subsection that provides for liability. *United States v. Wilcox*, No. 1:14-cr-15, 2015 WL 439564, at *1 (W.D. Pa. Feb. 3, 2015) (ordering the government to identify what section or sections of the Sex Offender Registration and Notification Act applied to defendant's conduct) (citation omitted). By providing this information, "[t]he government is not asked to reveal th[e] evidence which it plans

to use in the prosecution of its case[,]" but rather only "'essential information upon which a charge is based.'"  *United States v. Faulkner*, 53 F.R.D. 299, 300 (E.D. Wis. 1971) (ordering government to specify the sections and subsections of the Military Selective Act of 1967 the defendant allegedly violated) (quoting *United States v. Leichtfuss*, 331 F. Supp. 723, 738 (N.D. Ill. 1971) (same).

VII.  **Mr. Coburn joins in Mr. Schwartz's Motion for Bill of Particulars.**

Finally, Mr. Coburn joins in the Motion for Bill of Particulars filed by Mr. Schwartz.

## CONCLUSION

The Court should enter an order requiring the government to provide a bill of particulars specifying (i) the identities of the one or more foreign officials and third party consultants allegedly involved in the bribery scheme; (ii) the identities of the unidentified, unindicted co-conspirators and "others"; (iii) whether the government is alleging in Count Twelve that Mr. Coburn circumvented or failed to implement internal controls and the related underlying factual basis; (iv) the misrepresentations and omissions alleged in Counts Six, Eight, Ten, and Eleven; (v) whether Mr. Coburn is charged as an accomplice or as a principal, the identities of any alleged principals, and whether references to "Cognizant" denote Cognizant Technology Solutions Corporation or its Indian subsidiary; and (vi) the particular

subsection or subsections of 15 U.S.C. § 78dd-1 the government alleges Mr.

Coburn violated in Counts Two through Four.

Dated: November 15, 2019                    Respectfully submitted,


                                            /s/ James P. Loonam
                                            _____
                                            Henry Klehm III
                                            Harold B. Walther
                                            James P. Loonam
                                            Sarah D. Efronson
                                            JONES DAY
                                            250 Vesey Street
                                            New York, NY 10281
                                            Tel. (212) 326-3939
                                            Fax: (212) 755-7306
                                            Attorneys for Defendant Gordon J.
                                            Coburn