**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **v.**<br><br>**GORDON COBURN and STEVEN SCHWARTZ,**<br><br>    **Defendants.** | Civ. No. 2:19-cr-00120 (KM)<br><br>**ORDER** |

    For the reasons set forth in the accompanying Opinion, and for good cause shown,

    **IT IS** this 24th day of January, 2022,

    **ORDERED** that Defendants' joint motion to compel Cognizant's compliance with the Category A subpoenas, (DE 150), is **GRANTED** with respect to materials including (a) responsive materials dated April to August 2016; (b) text messages and messages from Cognizant's internal messaging system; (c) draft press releases and public disclosures; (d) communications with public relations firms concerning public disclosures, communications, potential litigation, and related legal strategy; (e) document retention policies and the dates of their promulgation; and (f) interview summaries and their underlying documents, communications, or records to the extent that the these summaries or the contents of these materials (1) were conveyed by Cognizant to DOJ; or (2) formed any part of the basis of any presentation to DOJ. Defendant's joint motion to compel compliance with the Category A subpoenas is otherwise **DENIED** and Cognizant's mirroring motion to quash the Category A subpoenas, (DE 169), is **GRANTED** to the same extent.

    **IT IS FURTHER ORDERED** that Cognizant's motion to quash the Category B subpoena, (DE 197), is **GRANTED** as to Requests 2, 3(d)-(e), 4(c), (e), (g), (i), 6, 7(b)-(c), 9, 10(b), (d)-(g), 11 (with one exception, detailed below), 21, 22, 23, 24, 25, 26, 27, 28, 32, and 33, but is otherwise **DENIED**.

Accordingly, Defendants' motion to compel compliance with the Category B subpoena, (DE 211), is **DENIED** as to these requests but is **GRANTED** for the remainder of the Category B subpoena requests, with the following specifications:

- In response to Request 8, Cognizant need only produce materials relevant to Request 7(a).
- In response to Request 11, Cognizant need only produce Board of Directors and Audit Committee meeting materials that explicitly concern the subject matter of the indictment's allegations.
- In response to Request 31, Cognizant need only produce materials that concern the subject matter of the allegations against Defendants and are not subject to a valid claim of attorney-client privilege.

**IT IS FURTHER ORDERED** that any remaining privilege disputes may be submitted to Magistrate Judge Hammer for resolution.

**IT IS FURTHER ORDERED** that Defendants' joint motion to compel L&T's compliance with the Category A and B subpoenas, (DE 167), is **DENIED** and that L&T's motion to quash Defendants' Category A and B subpoenas, (DE 188), is thus **GRANTED** for lack of personal jurisdiction.

**ORDERED** that Defendants may submit a proposed letter rogatory, narrowed to requests complying with the constraints of Rule 17 and *Nixon* as outlined in the accompanying opinion.

**ORDERED** that L&T's motion to maintain its filings on these motions under seal, (DE 184, 217), is **GRANTED** until final resolution of Defendant's motion for letter rogatory, (DE 168), and until further order of the Court.

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**