UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

　　　　v.

GORDON J. COBURN and
STEVEN SCHWARTZ,

　　　　　　Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.: 2:19-cr-00120-KM

## STIPULATION & ORDER PURSUANT TO F.R.E. 502

This stipulation dated December 8, 2022 is entered into between Cognizant Technology Solutions Corporation ("Cognizant") and Defendants Gordon J. Coburn and Steven Schwartz ("Defendants"). This stipulation is entered into in accordance with Rule 502(e) of the Federal Rules of Evidence and contemplates the entry of an order by the Court pursuant to Rule 502(d) of the Federal Rules of Evidence which incorporates the terms of this stipulation.

1. By letter dated September 7, 2022, counsel for Defendants requested that Cognizant produce a copy of any notes of a conversation or conversations between Dana Gilbert and Steven Schwartz that took place on or around August 29, 2016 (the "August 29 Notes").

2. Cognizant has asserted that the August 29 Notes are immune from disclosure pursuant to the attorney-client privilege and attorney work product protection, as it claims that Ms. Gilbert created the August 29 Notes while serving as in-house counsel at Cognizant and as part of her duties in advising Cognizant in connection with its internal investigation, and that the August 29 Notes memorialize a confidential conversation between two then-employees of Cognizant in connection with that investigation. Cognizant has declined to produce the August 29 Notes on that basis and because, in Cognizant's view, the August 29 Notes do not fall within the scope of the documents that the Court required Cognizant to produce pursuant to its January 24, 2022 Order

(ECF No. 264). Defendants dispute Cognizant's assertions of the attorney-client privilege and attorney work product protection as to the August 29 Notes, and also believe that the August 29 Notes fall within the scope of the Court's January 24, 2022 Order.

3. In the interests of preserving judicial resources and avoiding unnecessary litigation, Cognizant and Defendants hereby stipulate and agree that Cognizant shall upon, the Court's endorsement of this Stipulation & [Proposed] Order, waive any attorney-client privilege and work-product protection with respect to the August 29 Notes without thereby effectuating a waiver of such privilege and protection regarding any other information.

4. Cognizant and Defendants hereby stipulate and agree that Cognizant's waiver of any attorney-client privilege and work-product protection with respect to the August 29 Notes is a waiver of any such privilege and protection only as to the August 29 Notes and not as to any other categories of documents or information.

5. Cognizant and Defendants further stipulate and agree that Cognizant's waiver of any attorney-client privilege and work-product protection with respect to the August 29 Notes, and Defendants' acceptance of same, does not affect any other claim(s) or argument(s) by the Defendants or by Cognizant with respect to the applicability or waiver of any privilege, protection, or immunity from discovery pertaining to any other document(s) or communication(s).

6. Cognizant shall designate the August 29 Notes as "Highly Confidential" pursuant to the Highly Confidential Protective Order entered in this action (ECF 394), and Defendants shall not disclose the August 29 Notes to any third party, except as permitted by the terms of the Highly Confidential Protective Order.

STIPULATED AND AGREED:

Dated: December 8, 2022

                                              FRIEDMAN KAPLAN SEILER & ADELMAN LLP

                                              */s Mala Ahuja Harker*
                                          Mala Ahuja Harker (not admitted to USDC-NJ bar)
                                          Michael S. Palmieri (not admitted to USDC-NJ bar)
                                          7 Times Square
                                          New York, New York 10036-6516
                                          Phone: 212-833-1126
                                          mharker@fklaw.com
                                          mpalmieri@fklaw.com

                                            ALSTON & BIRD LLP

                                            */s Jenny Kramer*
                                          Jenny Kramer
                                          Rachel Finkel (not admitted to USDC-NJ bar)
                                          90 Park Avenue
                                          New York, New York 10016-1387
                                          Phone: 212-210-9444
                                          Jenny.Kramer@alston.com
                                          Rachel.Finkel@alston.com

                                          *Counsel for Cognizant Technology*
                                          *Solutions Corporation*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

/s Justin Lerer
---
Theodore V. Wells Jr.
Roberto Finzi (not admitted to USDC-NJ bar)
Justin Lerer (not admitted to USDC-NJ bar)
Kyle Sieber (not admitted to USDC-NJ bar)
1285 Sixth Avenue
New York, New York 10019
Phone: 212-373-3311
twells@paulweiss.com
rfinzi@paulweiss.com
jlerer@paulweiss.com
ksieber@paulweiss.com

*Counsel for Defendant Steven Schwartz*

KRIEGER KIM & LEWIN LLP

/s Nicholas James Lewin
---
Nicholas James Lewin (not admitted to USDC-NJ bar)
500 Fifth Avenue, 34th Floor
New York, New York 10110
Phone: 212-390-9550
Nick.Lewin@kklllp.com

*Counsel for Defendant Gordon J. Coburn*

SO ORDERED:

/s/ Kevin McNulty
---
Hon. Kevin McNulty, U.S.D.J.

DATED: December 12, 2022

4