UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Crim. No. 19-120 (KM) |
| v. : | |
| : | |
| GORDON J. COBURN and : | |
| STEVEN SCHWARTZ, : | REPORT AND RECOMMENDATION |
| : | (SEALED)[1] |
| Defendants. : | |

This matter having come before the Court pursuant to an Order of the District Court filed May 18, 2023 [D.E. 481] to address privilege disputes between Defendants and Cognizant Technology Solutions Corporation ("Cognizant");

and the Court having considered the Defendants' Moving Brief and the declaration and exhibits filed therewith [D.E. 486-487], Cognizant's Opposition Brief and the certification and exhibits filed therewith [D.E. 488], Defendants' Reply Brief and the declaration and exhibits filed therewith [D.E. 491], Defendants' July 19, 2023 Letter and exhibits attached thereto [D.E. 494], Cognizant's July 24, 2023 Letter and exhibits attached thereto [D.E. 496], and Defendants' August 2, 2023 Letter and exhibits attached thereto as well as Judge McNulty's August 2, 2023 Order [D.E. 498];

and for the reasons set forth in an Oral Opinion delivered on the record on August 9, 2023;[2]

---

[1] The Court has filed this Report and Recommendation under seal, in an abundance of caution, due to the parties' submissions of sealed and redacted exhibits, and the Court's analysis of them. By or before **August 30, 2023,** the parties shall file to the public docket a redacted version of the Report and Recommendation.

[2] A copy of this transcript may be obtained from King Transcription Services, (973) 237-6080.

**the Undersigned respectfully recommends as follows:**

1. Concerning the first category of documents—*i.e.*, documents for which Defendants argue no privilege ever attached—the District Court should order Cognizant to produce the approximately twenty (20) documents that are attachments to communications with Larsen & Toubro Construction or another third party. The District Court should not order Cognizant to produce the parent emails. In all other respects, the District Court should deny Defendants' application for relief.

2. Concerning the second category of documents—*i.e.*, documents for which Defendants argue Cognizant waived privilege:

    a. Concerning Defendants' request for an early 2015 email thread among Cognizant employees Biswajit Ghosh and P. Ganesh entitled "KITS variation," and a March 20, 2015 email titled "KITS variation-Amendment to Construction Contract": The District Court should order Cognizant, by **August 25, 2023**, to either produce those documents to Defendants, or file a letter (not to exceed five pages), explaining why those documents are privileged and no waiver applies. If the latter, Cognizant also must submit the documents to the Undersigned for in camera review. Defendants may respond by letter not to exceed five double-space pages, by **September 1, 2023.**

    b. Concerning Defendants' request for emails dated August 4, 2016 to August 9, 2016 between and among Srimanikandan Ramamoorthy, Dana Gilbert, and Karl Buch concerning payments to Larsen & Toubro Construction for the KITS facility: The District Court should order Cognizant, by **August 25, 2023**, to either produce those documents to Defendants, or file a letter (not to exceed five pages), explaining why those documents are privileged and no waiver applies. If the latter, Cognizant also must submit the documents to the Undersigned for in camera review. Defendants may respond by letter not to exceed five double-space pages, by **September 1, 2023.**

    c. The District Court should deny Defendants' requests in all other respects. However, in view of the Government's August 3, 20232 motion in limine seeking to admit evidence concerning an alleged bribe payment in 2013 pertaining to the Pune facility [D.E. 501], Defendants' request for documents and communications concerning the Pune facility and the alleged 2013 bribe payment should be denied without prejudice to further consideration following the District's Court's adjudication of the Government's motion.

3. Concerning the third category of documents—*i.e.*, documents evidencing the Defendants' support for Cognizant's internal investigation, the District Court should find that Cognizant has waived privilege concerning emails demonstrating that Defendants assisted in advancing the investigation. The District Court should order the parties to meet and confer on the appropriate parameters for the production, consistent with the guidance provided in the Oral Opinion, specifically that:

    a. The timeframe of such production should be from the inception of the internal investigation in early 2016, until August 20, 2016.

    b. The production should be limited to documents and communications that demonstrate either or both Defendants taking material measures to actively support or coordinate the activities of the internal investigation, or directing other officers or employees to do so. The District Court should not require Cognizant to produce purely ministerial emails such as forwarding emails or scheduling emails, or other documents or communications that are routine in nature.

*s/ Michael A. Hammer*_____
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE FINDINGS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN (14) DAYS OF RECEIPT OF SAME, MAY BAR DE NOVO DETERMINATION BY THE UNITED STATES DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW OF SUCH FACTUAL FINDINGS AS MAY BE ACCEPTED OR ADOPTED BY THE UNITED STATES DISTRICT JUDGE.**