# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK  10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number:  2123263808
jloonam@jonesday.com

November 15, 2023

Honorable Michael E. Farbiarz
United States District Judge
U.S. District Court for the District of New Jersey
2 Federal Square
Newark, N.J. 07102

Re:   United States v. Coburn and Schwartz, 19-cr-120 (MEF)

Dear Judge Farbiarz:

We submit this letter on behalf of Mr. Coburn pursuant to the Court's Order dated November 14, 2023 (ECF No. 573), which directed the defendants to indicate their positions on the government's request that the Court order defendants to describe their efforts in India to expedite the letters rogatory (ECF No. 572).  We are happy to do so without the requested order.[1] Beginning in February 2022 and continuing to the present, we engaged in extensive discussions with local counsel in India concerning what, if anything, local counsel in India could do to expedite the letters rogatory.  The short answer is nothing at this point.  The letters rogatory are transmitted government-to-government and Indian law makes no provision for the involvement of private counsel.  Moreover, based on direct personal experience, local counsel confirmed that the Central Authority in India, *i.e.*, the Indian Ministry of Home Affairs, would not engage with private counsel in this matter.[2]  Accordingly, we could only rely on the government's representation to the Court on January 10, 2023, that it would "certainly do what we can to push [the letters rogatory] forward."  *See* Hearing Tr. 21:15-20 and 22:11-12 (ECF No. 438).[3]  To date, based on the information available to the defense, this has not amounted to much.  *See* Def.'s Mots. in Lim. at 62–74 (ECF No. 499).  Apparently, the government is only now engaging with Indian authorities to communicate the nature and urgency of the letters rogatory.  *See* Gov. Letter (ECF No. 572).

Respectfully submitted,

*/s/ James P. Loonam*
James P. Loonam

---

[1] Nothing herein is intended to waive any privileges or work production protection.

[2] This is consistent with a communication from the U.S. State Department on April 4, 2023, stating that defense counsel is unable to take additional steps to expedite this process.  (ECF No. 523-6.)

[3] The government raised no concerns regarding *ex parte* communications and indeed the Court recognized the government would have "better access" to Indian authorities than the defense.  *Id*.  For background on the letters rogatory, and the discussion of *ex parte* communications that took place three months *prior to* the issuance of the letters rogatory relied on by the government, s*ee* Def. Letter (ECF No. 407.)