

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street*  *973-645-2700*
*Newark, New Jersey 07102*

January 25, 2024

Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Federal Courthouse
Newark, New Jersey 07102

      Re:    <u>United States v. Gordon Coburn and Steven Schwartz</u>
             Crim. No. 19-120 (MEF)

Dear Judge Farbiarz:

      The parties jointly submit this letter to update the Court on the status of potential stipulations relating to Defendants' motions *in limine* and to advise the Court of those motions that are ripe for decision.

      With respect to the Government's Motions *in Limine* No. 1 and 3, and supplemental motion *in limine*, *see* ECF No. 501 at 5-9, 12-14; ECF No. 580 (collectively, the "Government Business Records Motions"), the parties have made substantial progress but need additional time to obtain certifications from Cognizant and finalize contemplated stipulations. We therefore respectfully request an additional two weeks to advise the Court on the status of these motions.

      In an attempt to resolve the remaining issues concerning Defendants' compensation (Mr. Coburn's Motion *in Limine* No. 4), Defendants proposed to stipulate to the components of their compensation in percentage terms to avoid what they argue is the unfair prejudice of disclosing the actual dollar values of their compensation to the jury. The Government did not agree to this stipulation for the reasons discussed in its motion papers. The Government and Mr. Coburn have been able to reach a stipulation as to Mr. Coburn's Motion *in Limine* No. 5 regarding his decision not to sit for a second interview. The Government and Mr. Schwartz were not able to reach a stipulation concerning this motion *in limine*. In addition, Mr. Schwartz proposed a stipulation to moot part of his Motion *in Limine* No. 1 concerning medical records. The parties have not been able to reach a stipulation on that issue.

      Accordingly, the following motions are ripe for the Court's decision:

- Mr. Coburn's Motions *in Limine*:

    - Motion *in Limine* No. 4, insofar as it seeks to exclude evidence of Mr. Coburn's compensation while employed at Cognizant.
    - Motion *in Limine* No. 5, insofar as it seeks to exclude evidence concerning Mr. Schwartz's decision not to sit for interviews.
    - Motion *in Limine* No. 7, seeking to exclude certain of Mr. Schwartz's alleged prior statements concerning Mr. Coburn.
    - Motion *in Limine* No. 8, seeking to exclude certain of Mr. Schwartz's alleged actions and statements made during Cognizant's investigation.
    - Motion for severance in the event that evidence and testimony concerning Mr. Schwartz's purported notes and Mr. Schwartz's alleged statements and actions during Cognizant's investigation are not excluded from trial.
    - Motion *in Limine* No. 11, seeking to exclude certain emails that are not business records and are otherwise inadmissible.
    - Motion *in Limine* No. 12, seeking to exclude certain chat messages that are not business records and are otherwise inadmissible.
    - Motion *in Limine* No. 13, seeking to exclude an email inaccurately suggesting that an Indian government official was arrested in connection with the allegations concerning the KITS facility.
    - Motion *in Limine* No. 14, seeking to exclude portions of Cognizant's FCPA policy, an internal presentation concerning Cognizant's FCPA policy, Cognizant's Core Values and Standards of Business Conduct policy, and Mr. Coburn's certifications committing to the Core Values policy.

- Mr. Schwartz's Motions *in Limine*:

    - Motion *in Limine* No. 1, insofar as it seeks to exclude evidence related to Mr. Schwartz's eye surgery.
    - Motion *in Limine* No. 4, seeking to admit as a party-opponent admission the Government's statement that neither Defendants, their co-conspirators, nor the Government itself knows key details of the bribe conspiracy.

- Government's Motions *in Limine*:

    - Motion *in Limine* No. 5, seeking to admit evidence of the payment and reimbursement of a bribe demand at Cognizant's Pune campus.
    - Motion *in Limine* No. 6, seeking to preclude Defendants from arguing or eliciting evidence concerning their alleged prior good acts.

- Motion *in Limine* No. 8, seeking to preclude Defendants from arguing or eliciting evidence concerning their families, backgrounds, health, ages, or any other personal factor unconnected to guilt or innocence, as well as discussion of punishment.
- Motion *in Limine* No. 9, seeking to preclude Defendants from making arguments regarding jury nullification on the grounds that bribes are custom and practice in India.
- Motion *in Limine* No. 10 to exclude and/or limit the testimony of Defendants' expert witnesses.

The parties have also not been able to reach an agreement as to the issue addressed in Mr. Schwartz's December 5, 2023 letter (concerning documents provided to Indian authorities by Srimanikandan Ramamoorthy and/or the United States government) and the Government's December 16, 2023 response, and the parties seek the Court's resolution of that issue.

We respectfully submit that the Court should await a response from India concerning the recently submitted MLAT request before ruling on Mr. Coburn's Motion *in Limine* No. 9, seeking to admit exculpatory statements memorialized in FBI-302s of government interviews of overseas witnesses who are unavailable to Defendants, and on Mr. Schwartz's Motion *in Limine* No. 3, seeking to admit statements made by L&T to the National Stock Exchange of India.

Respectfully submitted,

| | |
|---|---|
| GLENN S. LEON<br>Chief | PHILIP R. SELLINGER<br>United States Attorney |
| */s/ Sonali D. Patel*<br>*/s/ Gerald M. Moody, Jr.*<br>_____<br>SONALI D. PATEL<br>GERALD M. MOODY, JR.<br>Fraud Section, Criminal Division<br>U.S. Department of Justice | */s/ Jonathan Fayer*<br>_____<br>JONATHAN FAYER<br>Assistant U.S. Attorney<br>District of New Jersey |