UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| United States of America, | Criminal No. 19-120(MEF) |
| v. | **ORDER** |
| Gordon J. Coburn & Steven Schwartz, | |
| Defendants. | |

The United States has moved to adjourn the start date of the captioned trial, from September of 2024 to early 2025. The motion is granted.[1]

\*   \*   \*

The theory of the prosecution here is that the Defendants authorized payment of a bribe to government officials in India, to be made through an Indian company.

Employees of the Indian company have been interviewed --- some by the United States, some by investigators acting for one or both of the Defendants. The gist: the company officials say they did not know of any bribes, according to written reports of the interviews.

The reports are potentially helpful to the Defendants.

But that may not matter. The written reports are likely hearsay, and if so the jury may not be allowed to see them.

And per the Defendants, the reports may not matter enough. As the Defendants have repeatedly emphasized, "paper testimony" is

---

[1] The United States filed its main motion papers yesterday afternoon.

typically less vivid and less persuasive than traditional witness testimony. Even if the reports were admissible, the Defendants have argued, they would be second best.

None of this would present a problem if the Indian company officials were in the United States. The Defendants could seek a subpoena to require them to appear at trial.

But the Court's subpoena power does not generally extend abroad. See, e.g., United States v. Beyle, 782 F.3d 159, 170 (4th Cir. 2015).[2]

To address this problem, the Defendants applied to the Court for assistance with "letters rogatory." These can facilitate the taking of depositions outside of the United States, and such deposition testimony can be admissible at trial under Federal Rule of Criminal Procedure 15. The application was granted at the end of 2022.

But it appears the letters rogatory did not bear fruit. No depositions have been taken.

There is potentially another way to obtain evidence abroad, via a request pressed by the United States under the United States/India Mutual Legal Assistance Treaty ("MLAT").

There are suggestions in the record that the United States previously represented that MLAT requests cannot be made to assist a defendant with putting hands on foreign evidence.

But that is not the current position of the United States, at least as to the Defendants' request here --- and in early 2024 the United States made an MLAT request to India to secure the depositions the Defendants have sought.

The problem: the MLAT request has not yet been acted on by Indian officials, and the United States has recently indicated that the depositions will likely not be completed before the current trial date.

\*   \*   \*

At first blush, this seems like a solid-enough reason to adjourn the trial, as the United States requests, so the Defendants can: (a) conduct the depositions that, for years, they have sought to

---

[2] "Generally" because sometimes it does. See 28 U.S.C. § 1783(a).

take, and (b) try to get some of the depositions before the jury at trial.

But there is a wrinkle. Testimony from the Indian company officials may be a bit less important now than it was --- and this may make an adjournment less appropriate.

Why would the Indian company officials' testimony now be less important?

Because the Defendants now have two alternative ways to put before the jury evidence that supports their argument that a bribe payment was not made through the Indian company.

First, the Defendants recently applied for and received permission to subpoena a United States witness, a lawyer whose firm conducted an internal investigation. The lawyer's anticipated testimony: his firm found no evidence that a bribe was paid through the Indian company to government officials in India.

And second, the United States has recently agreed that it will not object to the admission into evidence at a September trial of three written reports, that reflect interviews that were conducted of the Indian company officials by the FBI. These reports suggest, among other things, that company officials were unaware of a bribe payment.

\*   \*   \*

Given all this, the question on the table boils down to this: adjourn the trial until early 2025, as the United States requests (on the expectation that depositions will much more likely have been taken by then); or go forward in September (without depositions, but with the lawyer's testimony and with the three interview reports)?

The question is a close one.

It is close even though the Defendants do not object to an adjournment. As the Supreme Court has put it, as to the Constitution's Speedy Trial guarantee: "there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." Barker v. Wingo, 407 U.S. 514, 519 (1972). The public, in short, has its own, independent right to see criminal trials

3

pushed forward[3] --- and the Speedy Trial Act of 1974 is to the same effect. See, e.g., Zedner v. United States, 547 U.S. 489, 500-02 (2006).

On the merits, the adjournment question is a close one because a heavy weight sits on the scale against moving the trial date. This case, complex thought it is, has been pending for a long time. The indictment here was returned in February of 2019. This case needs to be tried.

And there is another issue, too. There is no guarantee, the United States says, that depositions will be completed by any particular date.

In spite of all this, the Court concludes that an adjournment makes sense.

The fundamental reason why: to preserve the integrity of the truth-seeking process. That process can be long, as it has been here. But it assumes that at end of the road the jury will be asked to make its bottom-line decision based on cross-examined witness testimony that gets to the heart of the matter. That is the touchstone of our criminal justice system, and that is the sort of evidence the jury here should be able to see. Without an adjournment, they would not be able to.

To see the point, start by noting that reports of witness interviews do not measure up to witness testimony.

Reports are, as noted, both less vivid and less persuasive than actual testimony.

And during the course of a trial in which virtually all other evidence comes in through live witnesses --- the jury could struggle to even begin to think through the credibility, completeness, and foundational basis of what is in the written witness reports.

And all the more so here. On many of the key points, the reports are not especially detailed, including when it comes to critical how-do-you-know-that issues. And the reports are paraphrase summaries, not verbatim transcripts.

---

[3] As to why, see, for example: Barker, 570 U.S. at 520-21, and Dickey v. Florida, 398 U.S. 30, 42 (1970) (Brennan, J., concurring).

4

Reports of interviews also do not measure up because they are not cross-examined.

This could hurt the United States, which has suggested a bit about the (sensible) lines of cross-examination it would want to pursue, but would not have a chance to. Or this could at least potentially hurt the Defendants, if the jury categorically discounts the reports because they stick out like a sore thumb --- as the only potentially important trial evidence that is not asked to bear up under cross-examination.

The law firm lawyer's anticipated testimony is also part of the mix. The lawyer, as noted, could testify to his conclusion that no evidence of a payment via the Indian company officials was discovered. That would move the needle, but not all the way to the end of the dial --- because even if the lawyer is somehow allowed to testify about what other people conveyed to his law firm, those other people would not themselves be testifying. The lawyer's anticipated testimony cannot quite cut to the core issue.

In short: the difference here between an adjournment and no adjournment is the difference between a trial that fully accords with the basic forms of our truth-seeking process, with cross-examined witnesses --- and one that does so only to a lesser extent. Given that choice, an adjournment makes sense.

\*   \*   \*

The above conclusion can be put in doctrinal terms.

"The right to subpoena evidence at trial, . . . [is] inherent in the conception of a criminal trial as a truth-seeking process." Gov't of Virgin Islands v. Testamark, 570 F.2d 1162, 1166 (3d Cir. 1978). Adjourning this trial is a way to allow what is analogous to an international subpoena, an MLAT request, to go through. That safeguards the truth-seeking process, and so does ensuring that potentially important evidence is subject to cross-examination. See, e.g., Kentucky v. Stincer, 482 U.S. 730, 737 (1987) ("The right to cross-examination . . . is . . . designed to promote reliability in the truth-finding functions of a criminal trial[.]"); cf. United States v. Drogoul, 1 F.3d 1546, 1556 (11th Cir. 1993) (holding that the District Court "erred to the extent that it denied the request for [foreign] depositions solely on the ground that taking the depositions would delay the trial," in part because "it is error rigidly to

5

adhere to a trial schedule regardless of the all-important factors of unavailability and materiality," as "[t]he ultimate inquiry is whether exceptional circumstances exist and whether it is in the interest of justice to allow the depositions to be taken"); United States v. Wilson, 601 F.2d 95, 97-99 (3d Cir. 1979).

Or to think of it another way: the public has an emphatic right to speedy criminal trials, see 18 U.S.C § 3161(h)(3), but trials must sometimes be pushed off in the interest of justice, see 18 U.S.C § 3161(h)(7) --- and here, it is in the interest of justice to give the MLAT process a better chance to get to completion.[4]

\*     \*     \*

But note: the law's flexibility in this area has limits. Competing values must be accommodated. At some point, for example, a Speedy Trial Act exclusion to put hands on foreign evidence is likely to no longer be allowed, cf. 18 U.S.C § 3161(h)(8), and the parties must go forward with what they have.

Is an adjournment until early 2025 too long? The Court's conclusion: not given the record here.

The United States has filed a letter[5] that describes its efforts to get the MLAT over the finish line. These efforts are a

---

[4] The Speedy Trial Act's "clock" is stopped at the moment, because pretrial motions are under advisement, two of which were filed during the last 3 weeks by the Defendants. See generally 18 U.S.C. § 3161(h)(1)(D). And the clock may be stopped for another reason, too --- because of the efforts that are now underway, through the MLAT process, to ensure the "presence for trial" of witnesses. See 18 U.S.C § 3161(h)(3). But whether or not it is in play here as a formal matter, the Speedy Trial Act's basic goals strongly inform the Court's thinking. If the clock were running, the Court would find, and it hereby does, that it is in the interest of justice to adjourn this trial and to exclude time on an ends-of-justice basis --- for the reasons set out in this order, and for the reasons elaborated at pages 13-16 of the United States' brief of yesterday afternoon. See generally 18 U.S.C § 3161(h)(7)(A).

[5] The Court ruled this week during a status conference that the letter was appropriately filed on an ex parte, in camera basis.

6

solid-enough start. They provide a base from which to move forward to timely completion of the MLAT process. The Court has little doubt that having sought (and now obtained) an adjournment --- the United States will during the coming weeks act with added intensity, using all means reasonably available to it, to ensure that the MLAT is complied with and the relevant depositions are taken, in plenty of time before trial.

The United States shall file a written update as to the MLAT (a) on November 25, 2024 or (b) when the depositions referenced in the MLAT have been taken, whichever is sooner.

Jury selection will begin on March 3, 2025.

IT IS on this 2nd day of August, 2024, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

Since then, the United States has provided some information to the Defendants.