# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.3808
jloonam@jonesday.com

March 4, 2025

VIA ECF

The Honorable Michael E. Farbiarz
United States District Judge
U.S. District Court for the District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse
2 Federal Square
Newark, N.J. 07102

    Re:    United States v. Coburn and Schwartz, 19-cr-120 (MEF)

Dear Judge Farbiarz:

    Defendant Gordon Coburn, joined by co-defendant Steven Schwartz, respectfully submits this letter in response to the government's letter dated March 2, 2025, ECF No. 919, seeking to exclude the testimony at trial of Defendants' accounting and internal controls expert, Todd Rahn. The government's objections to Mr. Rahn's testimony are substantially the same as those it raised in its September 2023 motion to exclude him. ECF No. 535 at 22–26. Defendants incorporate by reference their opposition to that motion. ECF No. 544 at 8–16.

    The government argues that Mr. Rahn's testimony should be excluded from trial because (1) he lacks the requisite qualifications to testify about the construction of technology facilities in Chennai, India; (2) his proposed testimony on accounting and controls measures does not "fit" with the government's circumvention theory of the internal controls charge; and (3) his proposed testimony "improperly uses an expert as a summary witness" and is "confusing and unfairly prejudicial." ECF No. 919 at 1. But Mr. Rahn is well qualified to offer expert testimony concerning the accounting and internal controls applicable to large construction projects, including the negotiation, review, and approval of change orders, as well as the role of executives in such processes, and the practice of delaying or withholding payments to contractors for construction work that has been completed. These issues are central to the government's charged counts pertaining to conspiracy, books and records, and circumvention of internal controls. As such, the government's motion should be denied.

## I.    MR. RAHN IS QUALIFIED TO TESTIFY ABOUT ACCOUNTING AND COMPANY CONTROLS PRACTICES IN THE CONSTRUCTION INDUSTRY.

    The government does not dispute that Mr. Rahn is qualified to testify as an expert in accounting and internal controls.[1] Instead, it argues that his testimony should be excluded because Mr. Rahn lacks experience with "design and construction standards of a technology facility," as

---

[1] Nor could the government do so given Mr. Rahn's extensive qualifications. ECF No. 544 at 8–9, 11–12.

JONES DAY

Judge Michael E. Farbiarz
March 4, 2025
Page 2

well as "construction industry standards in India generally, and Chennai specifically." ECF No. 919 at 1. That argument is meritless.

Mr. Rahn will testify concerning his specialized knowledge and experience regarding construction industry accounting and reporting standards, including with respect to change orders in a design build construction contract, that apply irrespective of where a commercial building is constructed. Indeed, the KITS facility is a capital asset that must be accounted for as such—and the variation claims at the center of the government's allegations are not impacted by KITS being a "technology facility" nor located in India. *See e.g.*, Government Exhibit 198. On cross-examination, the government is free to question Mr. Rahn as to his experience in India specifically. *See Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (3d Cir. 1996) ("[M]ost arguments about an expert's qualifications relate more to the weight to be given the expert's testimony than to its admissibility."). Moreover, the internal controls about which Mr. Rahn will testify relate to Cognizant's filings with the U.S. Securities and Exchange Commission, such as Sarbanes-Oxley Quarterly Global 302 Certifications and Annual Report of Form 10-K and Proxy Statement Disclosure Questionnaires, and thus are wholly unrelated to any Indian laws or regulations.

As stated in his C.V., ECF No. 535-3 at 17–20, Mr. Rahn has extensive experience in the construction industry, in which he has worked with clients to (i) manage and review cost accumulation related to real estate assets, (ii) determine whether costs should be capitalized or expensed, and (iii) review and audit invoices and support for those costs, for both asset owners (*e.g.*, Cognizant) and contractors (*e.g.*, L&T). His experience thus far exceeds the qualifications required by Third Circuit courts when evaluating expert testimony. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994) (explaining that the Third Circuit has "eschewed imposing overly rigorous requirements of expertise and have been satisfied with more generalized qualifications"); *see also Holbook*, 80 F.3d at 781–83 (holding that a physician specializing in internal medicine was qualified to testify concerning cancer diagnosis despite lack of specialty in oncology or pathology).

II. **MR. RAHN'S PROPOSED TESTIMONY IS DIRECTLY RELEVANT TO THE GOVERNMENT'S THEORY OF PROSECUTION.**

The government further asserts that Mr. Rahn's proposed "accounting and internal control testimony" is irrelevant to the charges in the Indictment given the government's disavowal of its "failure to implement" theory of prosecution under 15 U.S.C. § 78m(b)(5) in favor of a theory based on "circumvention of internal accounting controls." ECF No. 919 at 2. But Mr. Rahn's testimony is nonetheless highly relevant to the other charges in the Indictment, including Count Four, which alleges that Mr. Coburn's March 13, 2015 email approval of a payment for certain variation claims was in violation of the Foreign Corrupt Practices Act, and Count Five, which alleges that the documents related to Mr. Coburn's approval of the variation line items were false records. ECF No. 1. at 19–22. The government apparently intends to prove that Defendants and others disguised the reimbursement for the alleged bribe payment by "creat[ing] a fake version of the [variation] claims list – one that replaced the $3.7 million 'approvals/campus regularization'

JONES DAY

Judge Michael E. Farbiarz
March 4, 2025
Page 3

request with eleven previously-rejected claims worth roughly the same amount." *Id.* ¶ 24. According to the government, "[t]his substitution ensured that [L&T] was made whole for the bribe payment without having to document the true purpose of the reimbursement." *Id.* Because Mr. Rahn is expected to address the normal course of negotiating change orders on turnkey projects, his testimony is highly relevant to the government's contention that Defendants circumvented Cognizant's accounting controls in the negotiation process.

### III.   MR. RAHN'S TESTIMONY IS NOT CONFUSING OR UNFAIRLY PREJUDICIAL.

The government's remaining, scattershot arguments similarly fail. *First,* the government asserts that Mr. Rahn is being improperly offered as a summary witness who would "usurp the jury's role." ECF No. 919 at 2. Mr. Rahn's testimony, however, will assist the jury in its consideration of accounting and control issues in the construction context, as well as its analysis of the complex financial and accounting documents that lie at the heart of the government's allegations. *Second*, the government claims that Mr. Rahn's anticipated testimony concerning "whether executives usually approve change orders is of no moment to this case," and thus will not assist the trier of fact. *Id.* This mischaracterizes Mr. Rahn's expert disclosure: he is expected to testify about the process that executives typically undertake when reviewing change orders, including which documents are normally sent to executives for review, and the role of management-level employees in compiling such documentation. This is, of course, highly relevant to the government's allegation that Mr. Coburn knew of the alleged manipulation of variation line items to conceal an alleged bribe. *See Diaz v. United States*, 602 U.S. 526, 538 (2024) ("An expert's conclusion that 'most people' in a group have a particular mental state" is relevant and admissible under Rule 704(b)). *Third*, the government's argument that "it is irrelevant whether it is a normal practice or not . . . to delay payments for work that has been completed," is simply not true. ECF No. 919 at 2. The government will presumably argue at trial that the fact that Cognizant delayed payments to L&T is evidence that Mr. Coburn was seeking to pressure L&T to pay the alleged bribe. That there is an alternate, and legitimate, explanation for the delayed payments undermines the government's argument as to this evidence. The government should not be permitted to keep an alternative, expert view of complex facts from the jury simply because it disagrees with what the facts prove. *United States v. Rutland*, 372 F.3d 543, 546 (3d Cir. 2004) (explaining that expert testimony is not objectionable merely because it is prejudicial to a party's case).

Accordingly, the Court should deny the government's motion to exclude the testimony of Mr. Rahn.

JONES DAY

Judge Michael E. Farbiarz
March 4, 2025
Page 4

                                                  Respectfully submitted,

                                                  */s/ James P. Loonam*
                                                  James P. Loonam

cc:    All Counsel of Record (*via ECF*)