**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>GORDON J. COBURN and STEVEN SCHWARTZ,<br><br>        *Defendants*. | No. 19-cr-00120 (MEF)<br><br>**ORDER** |

On March 4, the United States requested a 180-day adjournment of the trial in this case, which had been scheduled to start the next day.  See ECF 956.

The basis for the request was "to allow sufficient time" for the United States Attorney, who had been sworn in the day before, to "consider[] . . . the application of the President's February 10, 2025 Executive Order," which directed the Attorney General to conduct a review of certain matters related to the Foreign Corrupt Practices Act.  See id.

\*   \*   \*

"[T]he Speedy Trial Act comprehensively regulates the time within which a [federal criminal] trial must begin[.]"  Zedner v. United States, 547 U.S. 489, 500 (2006).

And under that Act, trials must go forward within 70 days, see 18 U.S.C. § 3161(c)(1), unless the 70-day "clock" is stopped for one of the reasons specified in the Act.  See 18 U.S.C. § 3161(h).  If time runs out, the remedy is dismissal.  See Bloate v. United States, 559 U.S. 196, 198-99 (2010) (so holding and citing 18 U.S.C. § 3162(a)(2)); accord, e.g., United States v. Taylor, 487 U.S. 326, 333 (1988).

\*   \*   \*

After receiving the United States' March 4 letter, the Court directed the United States to "convey its position as to whether the Speedy Trial clock would or would not run during the 180-day adjournment it seeks."  ECF 961.

On March 5, the United States stated its view that the clock would not run.  See ECF 966.  The Defendants indicated they agree.  See ECF 967.

The Court requires legal briefing from the United States and from the Defendants as to the basis for their views, including as to the areas discussed below.

\*   \*   \*

The parties have suggested three reasons why the Speedy Trial clock might be stopped --- now, and/or through the pendency of an adjournment.

Take these up below.

\*   \*   \*

First, the Defendants have stated that the clock is stopped from March 4 through March 17.  See ECF 964 (citing 18 U.S.C. § 3161(h)(4)); see also ECF 967.

The Court agrees, in light of what transpired at the March 4 conference alluded to at ECF 958 and ECF 961.

\*   \*   \*

Second, the Defendants have noted that there is a March 2 motion pending before United States Magistrate Judge Hammer, see ECF 967, and the United States has also said that it plans to file another motion later today.  See ECF 966.

This is potentially relevant because under the Speedy Trial Act the "delay resulting from any pretrial motion," 18 U.S.C. § 3161(h)(1)(D), typically stops the clock until the motion is resolved.  Id.; see United States v. Tinklenberg, 563 U.S. 647 (2011).[1]

But the March 2 motion is on a narrow question of attorney-client privilege, and the other motion, if it is made, will call for a straightforward decision under the rules of evidence, on what is also a narrow issue.  The Court does not intend to leave those motions undecided, and will resolve them in short order.

---

[1]  It is not clear whether the United States takes the position that the motions referenced here stop the Speedy Trial clock.  See ECF 970 (suggesting that the "only consideration" concerns another part of the Speedy Trial Act).

2

\* \* \*

<u>Third</u>, the United States has stated that an "ends of justice" exclusion would stop the Speedy Trial clock, <u>see</u> ECF 970, and the Defendants have said they would "consent to any tolling . . . to allow time for the review contemplated . . . by the United States." ECF 964.

The parties' positions carry a good deal of weight, but they do not determine the result here.

This is because the Supreme Court has held that the Speedy Trial Act protects the public's right to prompt criminal trials, even when the prosecution and the defendant might each prefer delay. <u>See</u> <u>Bloate</u>, 559 U.S. at 211 (so holding); <u>Zedner</u>, 547 U.S. at 501 (so holding); <u>cf</u>. <u>Barker</u> v. <u>Wingo</u>, 407 U.S. 514, 519 (1972).

The Speedy Trial Act guarantees the public's right by allowing time to be "excluded" from the 70-day clock based on, as here, an adjournment request from the United States --- but only if there has been a judicial "finding[] that the ends of justice served" by the adjournment "outweigh the best interest of the public . . . in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Court expects that it could make such a "finding[]" here. Thoughtfulness serves the ends of justice, and if the new United States Attorney needs time to review this case, he should have it.[2]

The question is only: how much time?

On February 10, the President ordered a review of all Foreign Corrupt Practices Act enforcement actions, of which this case is one. Per the President's order: "the Attorney General shall . . . review in detail all existing FCPA enforcement actions and take appropriate action with respect to such matters[.]"

On February 18, the United States wrote to the Court: "the Government is adhering to the Executive Order and is conducting a review of all FCPA . . . enforcement actions; this case is currently undergoing that review," on a "prioritized" basis. ECF 824.

---

[2] <u>Cf</u>. <u>United States</u> v. <u>Abad</u>, 514 F.3d 271, 274 (2d Cir. 2008) (holding that consultation between a United States Attorney and Washington-based Department of Justice officials is a "valid" reason for delay under the Speedy Trial Clause of the Constitution).

3

On February 21, the United States stated that it was "urgently working to complete its review," and "expects a final determination in short order."  ECF 832.

And later that same day, the United States stated that "[f]ollowing its review of this case pursuant to the Executive Order, the Government can report that the Government intends to proceed to trial on March 3, 2025."  ECF 834.

The above suggests that a careful and close analysis of this case was undertaken by the United States over the course of around 10 or 11 days.

And the above also suggests that any further analysis can proceed from a solid foundation.

To the extent more analysis is needed, the Court expects to afford the new United States Attorney ample time, with wide respect accorded to his many other public duties and the competing demands on his schedule.

This said, to determine whether "the ends of justice," 18 U.S.C. § 3161(h)(7)(A), would be served by 180 days of added review, it will be important for the Court to understand the role that the prior review will play; what needs to be done going forward; and how much time the going-forward work is estimated to take.

This will help the Court to weigh how much time can lawfully be excluded under the Speedy Trial Act, and to make that assessment against the backdrop of other issues related to the Act that have previously been discussed in connection with this case.  See United States v. Coburn, 2024 WL 3648083 (D.N.J. Aug. 2, 2024).

\*   \*   \*

A final point.

The United States' March 4 letter cites another part of the Speedy Trial Act, which allows for stopping the clock for an adjournment when failing to adjourn "would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  ECF 970 (citing 18 U.S.C. § 3161(h)(7)(B)(i)).

Such an adjournment might be ordered, for example, to ensure that the jury can hear from a critical witness who cannot make it to court when scheduled to testify because he or she has become sick or has a family emergency.

4

But it is not clear whether this part of the Speedy Trial Act weighs in favor of stopping the clock during a 180-day adjournment.

The United States has stated that there is a witness who is "essential" to its case. See, e.g., ECF 547, 549, 551, 561, 916 (Exhibit A at 16); accord, e.g., ECF 554 at 8:23-24; ECF 552 at 15:2-3.

During 2023, trial of this matter was adjourned six days before it was to start because this witness was unexpectedly unable to leave India to come to the United States to testify. See ECF 547-49, 553, 555.

At that point, the Court stopped the Speedy Trial clock, noting that the United States requested the adjournment "to secure the presence of an essential witness at trial." ECF 555 at 2.

Trial was rescheduled, and during 2024 and 2025 extraordinary and intense efforts were undertaken by the United States related to securing the witness' travel to the United States, including over the last month or so. Some of these efforts are described on the Court's public docket. See, e.g., ECF 916 (attaching redacted versions of numerous previously-filed 2025 letters). Others are not, having been sealed at the request of the United States.[3]

In addition, there was litigation in India as to whether the referenced witness would be able to leave India and travel to the United States to testify here; that litigation was resolved about ten days ago, with a ruling from the Madras High Court. See ECF 852, 968. The witness is now here in the United States. See ECF 968.

There is little doubt that the "ends of justice" would be served by having the trial go forward with the "essential" witness rather than without him. Indeed, that appears to be why the United States previously sought an adjournment of this trial. See ECF 561; see also ECF 547, 555.

---

[3] Note that the Court has recently reviewed approximately 650 pages of materials supplied by the United States. See ECF 908. These reflect, in part, recent efforts by the United States related to the witness. (On February 28, during a hearing, the Court directed the United States to file those pages; that does not appear to have happened yet.)

Given the above, in evaluating whether the Speedy Trial clock can be lawfully stopped during a 180-day adjournment, it will be important to know whether the witness is likely to return to the United States for testimony following a long adjournment (or even a shorter one), and the basis for the United States' assessment of that likelihood.[4]

\* \* \*

The parties shall file letters on or before March 10 at noon, explaining more fully their Speedy Trial Act positions, and specifically addressing the factual and legal issues set out above. Each letter shall be no longer than 15 pages.

\* \* \*

IT IS on this 6th day of March, 2025, so **ORDERED**.

Michael E. Farbiarz, U.S.D.J.

---

[4] This may potentially require a supplemental sealed filing from the United States, to account for other sealed materials, such as the letter at ECF 968.