**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GORDON J. COBURN and<br>STEVEN SCHWARTZ,<br>                              Defendants. | Crim. No. 19-120 (MEF)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT STEVEN SCHWARTZ** |

Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") respectfully submits this motion to withdraw as counsel for Defendant Steven Schwartz. This motion is based on Mr. Schwartz's decision to terminate Paul, Weiss as his counsel, which is in turn based on President Donald J. Trump's issuance of his March 14, 2025 Executive Order titled "Addressing Risks from Paul Weiss." For reasons set forth below, the motion should be granted.

**FACTUAL BACKGROUND**

Mr. Schwartz retained Paul, Weiss to represent him in this matter on July 3, 2018. The government filed the Indictment against him in this action approximately seven months later, on February 14, 2019. ECF No. 1. For the last six years, Paul, Weiss has served as lead counsel of record for Mr. Schwartz. ECF No. 9. Bohrer PLLC and Gibbons P.C. entered appearances for Mr. Schwartz on April 22, 2019 and October 8, 2019, respectively. ECF Nos. 25, 51. Throughout, and particularly with respect to the forthcoming trial, Paul, Weiss has acted as lead trial counsel.

On February 10, 2025, the President of the United States issued an Executive Order titled "Pausing Foreign Corrupt Practices Act Enforcement to Further American Economic and National Security." Exec. Order No. 14209, 90 Fed. Reg. 9587 (Feb. 10, 2025) (the "February 10 Executive Order"). The February 10 Executive Order, among other things, directs the Attorney General to "review in detail all existing FCPA investigations or enforcement actions and take

appropriate action with respect to such matters to restore proper bounds on FCPA enforcement." *Id*. § 2(a)(ii). The February 10 Executive Order also directs the Attorney General to "determine whether additional actions, including remedial measures with respect to inappropriate past FCPA investigations and enforcement actions, are warranted and [to] take any such appropriate actions." *Id*. § 2(d). The review directed by the Executive Order is currently underway, and counsel for the defendants expect to participate in that process.

On March 14, 2025, the President of the United States issued an Executive Order titled "Addressing Risks from Paul Weiss." Exec. Order No. __, 90 Fed. Reg. __ (Mar. 14, 2025) (the "March 14 Executive Order"). The March 14 Executive Order provides, among other things, that "[t]he heads of all agencies shall, to the extent permitted by law, provide guidance limiting official access from Federal Government buildings to employees of Paul Weiss when such access would threaten the national security of or otherwise be inconsistent with the interests of the United States. In addition, the heads of all agencies shall provide guidance limiting Government employees acting in their official capacity from engaging with Paul Weiss employees to ensure consistency with the national security and other interests of the United States." *Id*. § 5(a).

## REQUEST TO WITHDRAW

In response to the March 14 Executive Order, Mr. Schwartz terminated Paul, Weiss's representation of him and instructed Paul, Weiss to file this motion.

The New Jersey Rules of Professional Conduct provide that a lawyer "shall withdraw from the representation of a client if . . . the lawyer is discharged." N.J. R.P.C. 1.16(a)(3); *see also* U.S. Dist. Ct. for the Dist. of N.J. L. Civ. R. 103.1(a) (providing that federal practitioners in the District of New Jersey are subject to the New Jersey Rules of Professional Conduct), L. Cr. R. 1.1 (applying L. Civ. R. 103.1 to criminal cases). A lawyer may also withdraw for "other good cause." N.J. R.P.C. 1.16(b)(7).

2

Mr. Schwartz's discharge of Paul, Weiss as his counsel requires that Paul, Weiss withdraw pursuant to the New Jersey Rules of Professional Conduct. N.J. R.P.C. 1.16(a)(3). In addition, Mr. Schwartz's belief that he may be prejudiced by Paul, Weiss's continued representation of him in this case constitutes "other good cause" for Paul, Weiss's motion to withdraw.

The Court has adjourned this trial until April 7, 2025 in order to allow the Department of Justice to complete its review of this FCPA enforcement action pursuant to the February 10 Executive Order. ECF Nos. 1003, 1011. Mr. Schwartz understands that his counsel will have an opportunity to engage in advocacy on his behalf as that process is unfolding, and believes that the March 14 Executive Order affects those efforts.

In particular, Mr. Schwartz is concerned that the firm's continued representation of him may negatively affect his ability to obtain a favorable review of his case, or, due to the Executive Order, otherwise create potential conflicts of interest as between Mr. Schwartz and Paul, Weiss, that Mr. Schwartz is not prepared to waive. *See* March 14 Executive Order § 5(a) (providing that government attorneys acting in their official capacity may be prevented from engaging with Paul, Weiss attorneys). Regardless of whether or not the government is permitted to engage with Paul, Weiss in the ongoing review, Mr. Schwartz is concerned that Paul, Weiss's ongoing involvement in the matter could in and of itself prejudice the review of his case.

Mr. Schwartz is actively seeking replacement trial counsel.

## **CONCLUSION**

For the foregoing reasons, Paul, Weiss respectfully requests that the Court grant this motion to withdraw as counsel for Defendant Steven Schwartz.

Dated: New York, New York
March 19, 2025

                                    Respectfully submitted,

                                    */s/ Roberto Finzi*

Roberto Finzi
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
rfinzi@paulweiss.com